IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INGE GOODSON, individually and )
as representative plaintiff on behalf )
of all others similarly situated )   Case No.
)
v. )
)
)
SHAPIRO & KIRSCH, L.L.P. )
)
Defendant. )

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. This action seeks redress for collection practices utilized by Defendant law firm Shapiro and Kirsch, L.L.P. that violate the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq., by sending to Plaintiff Inge Goodson and putative class members a FDCPA "dunning notice" which contained at least one false, deceptive and/or misleading representation or means when, in the collection of a debt, it stated that BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP was the creditor to whom the Plaintiff's debt, and the putative class members debt, was owed.

## PARTIES

2. Plaintiff Inge Goodson is an individual who resides at 6914 McAdoo Branch Road, Lyles TN 37098.

3. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), due to her mortgage note, and Defendant sought to collect a "debt" from Plaintiff. The mortgage note (and matters relating to its collection) constitute the collection of a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), in that the mortgage note was "incurred for personal, family or household purposes" because Ms. Goodson used the debt to purchase a home.

4. Shapiro & Kirsch, L.L.P. is a law firm and limited liability partnership organized under the laws of the State of Tennessee, and its registered agent is Joe M. Kirsch, 555 Perkins Rd Ext'd 2nd Floor, Memphis, Tennessee 38117. Defendant Shapiro and Kirsch, LLP is, among other things, engaged in the business of collecting debts owed to others incurred for personal, family or household purposes. Defendant is a general "debt collector" as defined in the first sentence of 15 U.S.C. § 1692a(6) in that it is an entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due to be asserted to be owed or due another." For example, upon information and belief, and based on information gleaned from the firm's current and prior websites, Defendant has as one of its primary practice areas of creditor rights in the areas of foreclosure (non-judicial and judicial) and bankruptcy, and Defendant touts itself as representing "mortgage lenders and banks" in this regard within Tennessee.

5. Moreover, upon information and belief, Defendant has sent hundreds of letters similar to the letter sent to Ms. Goodson demanding payment of the mortgage note on behalf of its client, BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP, and stating that foreclosure would occur absent such payment.

## JURISDICTION AND VENUE

6. The court has jurisdiction to grant the relief sought by the Plaintiff and putative class members pursuant to 15 U.S.C. § 1692k, et. seq., and jurisdiction exists as well via 28 U.S.C. §§ 1331 and 1337.

7. Venue in this District is proper because the defendant sent the dunning notice to Plaintiff within this District.

2

Case 1:11-cv-00031   Document 1   Filed 05/05/11   Page 2 of 9 PageID #: 2

## FACTUAL ALLEGATIONS

8. The Plaintiff and putative class representative in this action is Inge Goodson. Ms. Goodson who refinanced the purchase of real property located at 6914 McAdoo Branch Road, Lyles TN 37098 with money obtained by way of a residential mortgage loan from Taylor, Bean and Whitaker Mortgage Corporation.

9. Ms. Goodson mortgage went into default in 2009, and Ms. Goodson was in the process of attempting to obtain a modified loan when Taylor, Bean and Whitaker Mortgage Corporation ceased a majority of its operations later that year in August 2009, with a bankruptcy filing on or about August 24, 2010. Upon information and belief, a number of Taylor, Bean and Whitaker Mortgage Corporation employees or executives have been convicted, pled guilty to or otherwise have been indicted for fraud and other civil or criminal activity relating to the company's mortgage loan and servicing practices.

10. Upon information and belief, Ms. Goodson's mortgage note was sold by Taylor, Bean and Whitaker Mortgage Corporation.

11. On or about May 10, 2010, Plaintiff received a letter from Defendant dated May 6, 2010 (see attached "Exhibit A" incorporated herein by reference) declaring that Defendant had been retained to collect on an alleged debt owed to "their client." The debt to which the letter referred was the residential mortgage loan discussed above.

12. The Defendant's letter identified "their client" as "BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP," representing that that entity was the creditor to which the debt was owed.

13. The initial communication letter violates the FDCPA because it is a false, deceptive and/or misleading representation to state that BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP is a creditor to whom a debt is owed.

14. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP is not a creditor with respect to Plaintiff Goodson's mortgage loan debt and it is not a creditor with respect to the mortgage loan debt of the putative plaintiffs.

15. Upon information and belief, BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP obtained only the servicing rights to Plaintiff's loan after Plaintiff's loan was in default. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP therefore is not a "creditor" by under the FDCPA on Plaintiff's loan because 15 U.S.C. § 1692a(4) specifically excludes from the definition of creditor "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

16. BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP also is not a creditor under the FDCPA because it does not hold the mortgage note. The creditor in a mortgage transaction under the FDCPA is who holds the note, not who services the loan, as creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed."

17. Plaintiff's and the putative class plaintiffs' mortgage loans are not "owed" to BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP in that the debt is owed to the holder of the note.

4

18. At the time of the dunning letters at issue, upon information and belief, BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP did not hold Plaintiff's and the putative class's mortgage note.

19. Rather, BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP was in the business of calculating monthly principal and interest payments and sending a monthly bill to a mortgagor or grantor to that effect, collecting monthly payments from the mortgagor or grantor then distributing the payments to the investor or note holder, acting as an escrow agent for property taxes and home insurance (in this case on loans it acquired that were already in default).

20. Because the Defendant's dunning notice stated that BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP, was the creditor to which the Plaintiff's debt is owed, Defendant used a false, deceptive or misleading representation or means in the collection of a debt.

21. Upon information and belief, Defendant has used the same or similar form dunning letter when sending communications to hundreds of debtors that falsely identifies its client BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP, when that entity is not a creditor under the FDCPA.

## COUNT I – FDCPA VIOLATION

22. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

23. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. By reason of the conduct alleged herein, Defendant has violated 15 U.S.C. §1692e.

25. Ms. Goodson is entitled to an award "any actual damages sustained" by her "as a result" of the violation and additional statutory damages of up to one thousand dollars ($1,000); the putative class is entitled to an award not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant, plus her costs and reasonable attorney's fee, pursuant to 15 § U.S.C. 1692k(a).

## CLASS ALLEGATIONS

26. Plaintiff Goodson, and others similarly situated to her, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

27. Plaintiff brings this claim on behalf of a proposed class, consisting of: (a) all natural persons ; (b) who were sent a dunning notice from Defendant; (c) that stated a mortgage servicer or trustee was the creditor to which the proposed class member owed a debt to and; (d) the mortgage servicer or trustee received an assignment of the debt while the debt was in default solely for the purpose of facilitating collection of such debt for another.

28. Plaintiff seek class action certification and is authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

29. The persons included in each Class set out above are so numerous that joinder of all parties is impractical. Upon information and belief there are more than five hundred (500) members of the proposed class. More precise information concerning the size and identification

of class members is in Defendant's possession and will be obtained through discovery and set forth in Plaintiff's subsequent motion for class certification.

30. The claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

31. The claims of putative class representative Ms. Goodson are typical of the claims of the proposed class in that it is alleged that Defendant used the same or similar form dunning letter that falsely identified the creditor of the respective loans.

32. The questions of law and fact which are common among members of the class are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by sending a dunning notice pursuant to the FDCPA to what Plaintiff believes to be hundreds of consumers that contained a false, deceptive or misleading representation or means.

33. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

34. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

35. The representative party and her counsel will take those actions necessary to protect the interests of the class members.

36. Plaintiff has retained counsel with experience in prosecuting and maintaining class actions, complex litigation and consumer protection statutes.

37. The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying

7

Case 1:11-cv-00031 Document 1 Filed 05/05/11 Page 7 of 9 PageID #: 7

adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant.

38. The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

39. The basis for class certification under Rule 23(b)(2) is that the Defendant has acted act on grounds generally applicable to the class thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

40. The basis for class certification under Rule 23(b)(3) is that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiff and against Defendant for:

1. A finding and declaration that Defendant's practices have violated the FDCPA;

2. An award of actual damages sustained by Plaintiff Goodson as a result of Defendant's violations of the FDCPA;

3. An award of additional statutory damages for Ms. Goodson and the putative class;

4. An award of Plaintiff's and the class's attorney's fees, litigation expenses and costs of suit;

5. An injunction prohibiting Defendant from misidentifying the creditor on future letters to consumers; and

6. Such other or further legal or equitable relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff and the putative class request a trial by jury on all of their claims.

Respectfully submitted,

By: _____
Patrick Barrett (No. 20394)
Barrett Law Office, PLLC
2021 Richard Jones Road, Suite 300
Nashville, Tennessee 37215
Telephone: (615) 463-4000
Facsimile: (615) 463-3717
Email: pbarrett@barrettlawofficetn.com

Henry Franklin Todd, Jr. (No. 005574)
Todd & Spencer Law Firm
404 E College Street
Dickson, TN 37055
(615) 446-0511
Fax: (615) 441-3437
Email: henrytoddjr@bellsouth.net

John R. Ates
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
(703) 647-7501
Fax: (703) 229-6430
Email: j.ates@ateslaw.com
(Not admitted to this Court or Tennessee)

*Attorneys for Plaintiffs*