UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| INGE GOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11:0031 |
| ) | Judge Sharp |
| SHAPIRO & KIRSCH, L.L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This is a case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, involving Plaintiff Inge Goodson's default on a home mortgage and the alleged illegal collection demand by Defendant Shapiro & Kirsch, L.L.P., a law firm. Defendant has filed a Motion to Dismiss the Amended Complaint (Docket No. 28),[1] to which Plaintiff has filed a response in opposition. (Docket No. 34). For the reasons set forth below, Defendant's Motion to Dismiss will be denied.

### I. RELEVANT FACTUAL ALLEGATION

According to the Amended Complaint, the facts pertinent to the Motion to Dismiss are as follows:

On March 21, 2008, Plaintiff refinanced her home with money obtained by way of a residential mortgage loan from Taylor, Bean and Whitaker Mortgage Corporation ("TBW"). Plaintiff's mortgage went into default in 2009, and, while Plaintiff was in the process of attempting

---

[1] After Defendant filed a Motion to Dismiss (Docket No. 16), Plaintiff amended her complaint, prompting the present Motion to Dismiss. Therefore, the original Motion to Dismiss will be denied as moot.

1

to obtain a modified loan, TBW filed for bankruptcy. (Docket No. 26, Amended Complaint at ¶ 10). Plaintiff's mortgage note was sold by TBW, and was included in a mortgage-backed security through the Government National Mortgage Association ("GNMA"). (Id. at ¶ 11).

On August 23, 2009, BAC Home Loans Servicing, LP ("BAC") sent Plaintiff a letter stating that "the servicing of your home loan was recently transferred to BAC Home Loans Servicing, LP" and that "[u]nder the Fair Debt Collections Practices Act . . . BAC Home Loans is considered a debt collector." (Id. at ¶ 12). The same letter identified GNMA as the name of the creditor to whom the debt was owed. (Id.).

On May 6, 2010, Defendant sent a letter to Plaintiff. The letter, which stated the information being provided was required by the FDCPA, informed Plaintiff that Defendant had been retained to initiate foreclosure proceedings on behalf of BAC. The letter also provided that Plaintiff had the right to dispute the debt, but also indicated that "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." (Docket No. 1-1 at 2). Immediately above the signature line, the letter concluded with the following:

> PURSUANT TO THE FAIR DEBT COLLECTION PRACTICE ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(Id. at 2).

Plaintiff claims that Defendant's May 6, 2010 letter was false and misleading under the FDCPA because it indicated that BAC was the creditor to whom the debt was owed, when, in fact, BAC obtained only the servicing rights to Plaintiff's loan after the loan was in default. (Docket No. 26, Amended Complaint ¶¶ 16 & 21). Plaintiff also alleges that, at the time Defendant sent the May 6, 2010 letter it was not a trustee or substitute trustee with respect to Plaintiff's loan, and purportedly

2

was not named a substitute trustee until July 27, 2010. (Id. ¶ 18).

## II. STANDARD OF REVIEW

As a general rule, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)).

A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this entails showing "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S.Ct. at 1949. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

## III. LEGAL DISCUSSION

Defendant levels a three pronged attack on the Amended Complaint. First, it argues that a law firm that initiates non-judicial foreclosure is not engaged in debt collection activity for purposes of the FDCPA. Second, it contends that, as a substitute trustee, it was in a fiduciary relationship with both Plaintiff and BAC, and thus the fiduciary exemption in FDCPA 15 U.S.C. § 1692a(6)(F)(i)'s definition of "debt collector" applies. Third, even assuming the FDCPA is even applicable,

3

Defendant's May 6, 2010 letter was not false or otherwise in violation of the FDCPA because BAC held the note secured by the Deed of Trust and had the capacity to retain Defendant to foreclose on the instrument consistent with the Deed of Trust's power of sale provisions.

Defendant cites Montgomery v. Huntington Bank, 346 F.3d 693 (6th Cir. 2003) for the proposition that, at least in the Sixth Circuit, "firms, such as Shapiro, acting as trustees in non-judicial foreclosures, such as the foreclosure here, are not engaged in debt collection under the FDCPA." (Docket No. 29 at 3). Even if that is true as a general proposition, Defendant's reliance on Montgomery is misplaced.

Montgomery involved FDCPA claims against a bank and repossession company, after plaintiff's mother's BMW was repossessed. In affirming dismissal of the complaint, the Sixth Circuit held " that except for purposes of § 1692(f)(6) ,[2] an enforcer of a security interest, such as a repossession agency, does not meet the statutory definition of a debt collector under the FDCPA." Id. at 700-01. However, the court did so in the context of a case where plaintiff did not allege that the repossession agency was "a business whose 'principal purpose' is debt collection, or that it regularly collects or attempts to collect debts owed to another," and, in fact, admitted the

---

[2] Section 1692f(6) of the FDCPA prohibits:

Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

    (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

4

repossession agency was acting as such when the BMW was repossessed. Id. at 701.

Here, in contrast, Plaintiff specifically alleges that Defendant is a debt collector for purposes of the FDCPA:

> Defendant is a general "debt collector" as defined in the first sentence of 15 U.S.C. § 1692a(6) in that it is an entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due to be asserted to be owed or due another." For example, upon information and belief, and based on information gleaned from the firm's current and prior websites, Defendant has as one of its primary practice areas of creditor rights in the areas of foreclosure (non-judicial and judicial) and bankruptcy, and Defendant touts itself as representing "mortgage lenders and banks" in this regard within Tennessee.

(Amended Complaint ¶ 4). Plaintiff further claims that "[e]ven when engaging in judicial or non-judicial foreclosure activities, Defendant goes beyond the enforcement of a security interest in that it seeks more than security enforcement by seeking full payoff of the amount due or reinstatement payments or by threatening or filing deficiency judgments on amounts due." (Id.).

These allegations, which must be accepted as true for present purposes, are significant because "[i]n determining whether a party is a 'debt collector,' the focus 'is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities.'" Stamper v. Wilson & Assoc., 2010 WL 1408585 at *8 (E.D. Tenn. Mar. 31, 2010) (citation omitted). Further, while Defendant claims it was not acting in the capacity of a debt collector when it sent the May 6, 2010 letter, the letter itself proclaims Defendant to be a debt collector, and repeatedly references the FDCPA. See, Maynard v. Cannon, 410 Fed. Appx. 389, 393 (10th Cir. 2010) ( noting that "[w]hatever the merits of its argument concerning non-judicial foreclosure," defendant law firm admitted that it was a debt collector in its answer and its communication at the time of the foreclosure included "various notices required by the FDCPA, and followed the other procedural requirements of the Act").

5

Defendant next argues that, as a fiduciary to both Plaintiff and BAC, it was not a debt collector because excluded from the definition of a debt collector under the FDCPA is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to another to the extent such activity . . . (1) is incidental to a bona fide fiduciary obligation or bona fide loan arrangement." 15 U.S.C. § 1692a(6)(F)(i). Defendant concedes that "[t]he Sixth Circuit has not addressed the applicability of § 1692 a(6)(F)(i)'s exemptions to a trustee such as Shapiro conducting non-judicial foreclosures pursuant to a deed," but argues "[o]ther courts have held that 'mortgagees and their beneficiaries, including mortgage servicing companies are not debt collectors subject to the FDCPA." (Docket No. 29 at 8-9, collecting cases).

However, there is contrary authority, and whether law firms engaged in foreclosure activities are acting in a manner incidental to their fiduciary status is open to debate. For example, in Rowe v. Educ. Credit Mgmt Corp., 559 F.3d 1028 (9th Cir. 2009), the Ninth Circuit observed:

> . . . The second requirement is that an entity's collection activities be "incidental to" its fiduciary obligation. 15 U.S.C. § 1692a(6)(F)(i). The "incidental to" requirement means that the collection activity must not be "central to" the fiduciary relationship. See, Wilson v. Draper & Goldberg, 443 F.3d 373, 377 (4th Cir. 2006). The function of this requirement is to exclude fiduciaries whose sole or primary function is to collect a debt on behalf of the entity to whom the fiduciary obligation is owed. Thus, the requirement excludes lawyers or trustees acting solely or primarily to collect debts owed to their clients or beneficiaries. For example, in Wilson, the Fourth Circuit held that a law firm that was hired solely for the purpose of foreclosure was not acting pursuant to a responsibility that was "incidental to" its fiduciary obligation to its client. Id. Rather, the foreclosure was "central to" its obligation. Therefore, the "incidental to a bona fide fiduciary obligation" exception to the definition of "debt collector" did not apply. Id.

Id. at 1034.

Regardless, the pleadings do not establish as a fact that Defendant was acting "incidental to" it position as a fiduciary to BAC, or that Defendant's contact with Plaintiff was merely "incidental

6

to" its role as a fiduciary. Moreover, Plaintiff specifically alleges – and Defendant does not assert otherwise – that at the time of the assignment, the mortgage was in default, yet "'[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 105 (6th Cir. 1996).

Further, Defendant's argument hinges on BAC's ability to appoint Defendant as the substitute trustee, but Plaintiff alleges BAC was not a creditor with respect to the mortgage loan debt, and is not a creditor under Section § 1692(a)(4).[3]

Finally, Defendant argues that, even if the FDCPA applies, it did not violate that statute because BAC was the owner and holder of Plaintiff's indebtedness and, therefore, there could be no violation when Defendant identified BAC as the creditor. In support of this conclusion, Defendant points to the "Deed of Trust and "related documents" that purport to show that BAC owned Plaintiff's indebtedness.

Those documents, however, are not a part of the pleadings, nor are they authenticated. Moreover, the position taken by Defendant is arguably at odds with a letter that Plaintiff claims was sent to her by BAC on August 23, 2009 in which BAC allegedly stated that it was a "debt collector," and that the named creditor was GNMA. The discrepancies in the parties' positions no doubt are resolvable, but not in the context of a Motion to Dismiss where Plaintiff's allegations are accepted as true.

This leads to a final point. The present case survives for now because, as noted, Plaintiff's

---

[3] That section which excludes from the definition of creditor "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

7

allegations are accepted as true, and she only needs to forward a plausible claim for relief. It remains to be seen whether Plaintiff can prove her allegations that Defendant regularly acted as a debt collector, that BAC had no authority to appoint Defendant as a trustee, that Defendant uses threats and seeks payment as a part of its foreclosure process, that Defendant was not acting "incidental to" its position as a fiduciary to BAC in this case, and (perhaps most importantly) that BAC was not the owner of the debt when appointed Defendant as substitute trustee. For now, however, dismissal is inappropriate.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Docket No. 16) will be denied as moot and its Motion to Dismiss Amended Complaint (Docket No. 28) will be denied.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

8